MOLLY M. WHITE (Cal. Bar No. 171448)
Email: whitem@sec.gov
JENNIFER T. PURPERO (Cal. Bar No. 247976)
Email: purperoj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   vs.<br><br>JERRY L. AUBREY, TIMOTHY J. AUBREY, BRIAN S. CHERRY, AARON M. GLASSER,<br><br>   Defendants. | Case No. SACV 11-1564 JVS (RNBx)<br><br>**JUDGMENT OF PERMANENT INJUNCTIONS AGAINST DEFENDANT JERRY L. AUBREY** |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Application of Plaintiff Securities and Exchange Commission for Entry of Default Judgment Against Defendant Jerry L. Aubrey came before this Court. The Court, having considered all evidence and argument in connection with the Application, enters the following Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Securities and Exchange Commission's Application for Entry of Default Judgment Against Defendant Jerry L. Aubrey is GRANTED.

## II.

IT IS ORDERED, ADJUDGED, AND DECREED that Jerry L. Aubrey ("Jerry Aubrey") and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///
///

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Jerry Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Jerry Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or

|   |   |
|---|---|
| 1 | causing to be carried through the mails or in interstate commerce, by |
| 2 | any means or instruments of transportation, any such security for the |
| 3 | purpose of sale or for delivery after sale; or |
| 4 | (c)   Making use of any means or instruments of transportation or |
| 5 | communication in interstate commerce or of the mails to offer to sell |
| 6 | or offer to buy through the use or medium of any prospectus or |
| 7 | otherwise any security, unless a registration statement has been filed |
| 8 | with the Commission as to such security, or while the registration |
| 9 | statement is the subject of a refusal order or stop order or (prior to the |
| 10 | effective date of the registration statement) any public proceeding or |
| 11 | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Jerry Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of Section 15 of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Jerry Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise, and any entity Jerry Aubrey owns or controls, are permanently restrained and enjoined from offering unregistered securities.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 20, 2011

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 15, 2011, I caused to be served the document entitled **[PROPOSED] JUDGMENT OF PERMANENT INJUNCTIONS AGAINST DEFENDANT JERRY L. AUBREY** on all the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 15, 2011              /s/ Jennifer T. Purpero
                                      Jennifer T. Purpero

5

**SEC v. JERRY L. AUBREY, et al.**
United States District Court – Central District of California
Case No. SACV 11-1564 JVS (RNBx)
(LA-3790)

<u>SERVICE LIST</u>

Jerry L. Aubrey **(served via U.S. mail only)**
c/o Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, FL 32124
*Pro Se Defendant*

Robert C. Chandler, Esq. **(served via U.S. mail only)**
Chandler, Potter & Associates
3800 Orange Street, Suite 270
Riverside, CA 92501
*Attorney for Defendant Timothy J. Aubrey*

Brian S. Cherry **(served via U.S. mail only)**
████████████████████
Newport Beach, CA 92663
*Pro Se Defendant*

Aaron M. Glasser **(served via U.S. mail only)**
████████████████████
Irvine, CA 92612-4116
*Pro Se Defendant*