MOLLY M. WHITE (Cal. Bar No. 171448)
Email: whitem@sec.gov
JENNIFER T. PURPERO (Cal. Bar No. 247976)
Email: purperoj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY L. AUBREY, TIMOTHY J. AUBREY, BRIAN S. CHERRY, AARON M. GLASSER,<br><br>Defendants. | Case No. SACV 11-1564 JVS (RNBx)<br><br>**CORRECTED JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT AARON M. GLASSER** |

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission's Application for Entry of Default Judgment Against Defendant Aaron M. Glasser came before this Court. The Court, having considered all evidence and argument in connection with the Application, enters the following Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Securities and Exchange Commission's Application for Entry of Default Judgment Against Defendant Aaron M. Glasser is GRANTED.

## II.

IT IS ORDERED, ADJUDGED, AND DECREED that Aaron M. Glasser ("Glasser") and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Glasser and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Glasser and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

1
2
3
4
5
6
7
8
9
10
11
12

      (b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      (c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Glasser and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of Section 15 of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Glasser is liable for disgorgement of $741,633, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $110,000.86.  Glasser is also liable to pay a civil penalty in the amount of $741,633,[1] pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Glasser shall satisfy these obligations by paying a total of $1,593,266.86 within ten business days to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, together with a cover letter identifying Glasser as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  By making this payment, Glasser relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Glasser.  Glasser shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.  The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment.  In response to any such civil contempt motion by the Commission, Glasser may assert any legally permissible defense.

---

[1] Awarding a third tier penalty, the Court approximates that Mr. Glasser's gross pecuniary gain as a result of his violations is equal to his ill-gotten gains.  <u>SEC v. Haligiannis</u>, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007).  This is a more favorable assessment for Mr. Glasser than awarding the statutory maximum of $130,000 per violation for his violations between August 2006 and March 3, 2009, and $150,000 per violation for his violations between March 4, 2009 and October 2009, given that Mr. Glasser routinely committed three types of violations over the course of nearly three years with the company, Progressive Energy Partners LLC, defrauding many of the company's more than two hundred investors.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 26, 2012

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE