MOLLY M. WHITE (Cal. Bar No. 171448)
Email: whitem@sec.gov
JENNIFER T. PURPERO (Cal. Bar No. 247976)
Email: purperoj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele W. Layne, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JERRY L. AUBREY, TIMOTHY J. AUBREY, BRIAN S. CHERRY, AARON M. GLASSER,<br><br>　　　　Defendants. | Case No. SACV 11-1564 JVS (RNBx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT TIMOTHY J. AUBREY** |

The Securities and Exchange Commission having filed a Complaint and Defendant, Timothy J. Aubrey, having filed an answer to the Complaint; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Timothy J. Aubrey ("Aubrey") and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;
(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from

1

1  violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15
2  U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or
3  instruments of transportation or communication in interstate commerce or by use
4  of the mails, directly or indirectly:

5      (a)    to employ any device, scheme, or artifice to defraud;
6      (b)    to obtain money or property by means of any untrue statement of a
7               material fact or any omission of a material fact necessary in order to
8               make the statements made, in light of the circumstances under which
9               they were made, not misleading; or
10     (c)    to engage in any transaction, practice, or course of business which
11              operates or would operate as a fraud or deceit upon the purchaser.

## III.

13  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Aubrey
14  and his agents, servants, employees, attorneys, and all persons in active concert or
15  participation with them who receive actual notice of this Final Judgment by
16  personal service or otherwise are permanently restrained and enjoined from
17  violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly,
18  in the absence of any applicable exemption:

19      (a)    Unless a registration statement is in effect as to a security, making use
20               of any means or instruments of transportation or communication in
21               interstate commerce or of the mails to sell such security through the
22               use or medium of any prospectus or otherwise;
23      (b)    Unless a registration statement is in effect as to a security, carrying or
24               causing to be carried through the mails or in interstate commerce, by
25               any means or instruments of transportation, any such security for the
26               purpose of sale or for delivery after sale; or
27      (c)    Making use of any means or instruments of transportation or
28               communication in interstate commerce or of the mails to offer to sell

or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Aubrey and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of Section 15 of the Exchange Act, 15 U.S.C. § 78o(b).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Aubrey is liable for disgorgement of $556,215, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $224,513.47. Aubrey shall also be liable to pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Aubrey shall satisfy these obligations by paying a total of $910,728.47 within fourteen days after entry of this Final Judgment.

1  Aubrey may transmit payment electronically to the Commission, which will
2  provide detailed ACH transfer/Fedwire instructions upon request.  Payment may
3  also be made directly from a bank account or by credit or debit card via Pay.gov
4  through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Aubrey
5  may also pay by certified check, bank cashier's check, or United States postal
6  money order payable to the Securities and Exchange Commission, which shall be
7  delivered or mailed to:
8      Enterprise Services Center
9      Accounts Receivable Branch
10     6500 South MacArthur Boulevard
11     Oklahoma City, OK 73169
12 and shall be accompanied by a letter identifying the case title, civil action number,
13 and name of this Court; Aubrey as a defendant in this action; and specifying that
14 payment is made pursuant to this Final Judgment.
15 Aubrey shall simultaneously transmit photocopies of evidence of payment
16 and case identifying information to the Commission's counsel in this action.  By
17 making this payment, Aubrey relinquishes all legal and equitable right, title, and
18 interest in such funds and no part of the funds shall be returned to Aubrey.  The
19 Commission shall send the funds paid pursuant to this Final Judgment to the
20 United States Treasury.
21 The Commission may enforce the Court's judgment for disgorgement and
22 prejudgment interest by moving for civil contempt (and/or through other collection
23 procedures authorized by law) at any time after 14 days following entry of this
24 Final Judgment.  Aubrey shall pay post judgment interest on any delinquent
25 amounts pursuant to 28 U.S.C. § 1961.
26 ///
27 ///
28 ///

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Aubrey shall comply with all of the undertakings and agreements set forth therein.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 06, 2012

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE